## Hughes v. Hughes.

*Robert W. Beatty*, for plaintiff; *Frank M. Hunter*, for defendant.

BROOMALL, J., March 10, 1931.—The bill in this case was filed under the provisions of the Act of May 23, 1907, P. L. 227, and the amendments thereof. When the bill was filed the plaintiff presented to the court a motion for an order to serve the defendant with the bill of complaint as a nonresident under the provisions of the Act of Assembly approved April 6, 1859, P. L. 387, at the same time filing an affidavit, in which she set out that "to the best of her knowledge, information and belief, defendant has no known residence within this Commonwealth." The court thereupon entered an order that the bill and other papers might be served by leaving a copy at No. 111 Walnut Street, in the City of Philadelphia, where the defendant was alleged to transact business, and such service was made.

Thereafter the defendant presented his petition setting out the above facts, averring that this court was without jurisdiction to grant an order or decree against the defendant personally, and praying for a rule "to show cause why the bill in equity, in so far as it prays for orders or decrees against defendant personally, should not be dismissed and the said service as to defendant personally should not be set aside or otherwise declared null and void." The rule was granted as prayed for. When it was called for argument before this court, defendant's counsel, in answer to questions from the court, stated definitely and specifically that there was no objection to the bill, so far as it was a proceeding *in rem* against the real estate of the defendant and his other property situated in this county, and that the service to that extent was valid; but that a service ordered against him as a nonresident would not sustain a subsequent order or decree against the defendant personally, and that the bill, in so far as it asked for a personal order and a decree *in rem*, contained conflicting and repugnant provisions. Neither in the petition nor in the oral argument was there any suggestion that the service made was defective generally.

Accepting these statements from defendant's counsel as setting out his true contention, the court considered that the question involved was a procedural one only, as the service was admittedly good to sustain a substantial part of the relief prayed for, and that the remedy of the defendant, if he thought there was any danger under the pleadings and service as they stood of a decree being entered against him personally, was to proceed under Rule 48 of the Equity Rules rather than under Rule 29, which in substance and effect is, so far as a proceeding in equity is concerned, substantially identical with the provisions of the Act of March 5, 1925 [P. L. 23].

Taking this view of the case, the court discharged the pending rule, without prejudice to the right of the defendant to raise the question which he suggested was then involved either in the manner there suggested to him by the court or in such other manner as he might see fit.

If the service in question had been attacked, as a whole, as insufficient and ineffective to sustain any of the prayers for relief, an entirely different question would have been before us. Under the order as made, in view of defendant's statements, we think his rights are fully protected.

From William R. Toal, Media, Pa.